# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-358V

|  |  |
|---|---|
| SURIYA SORTHEPPHARAK and, JADE CASTENEDA, on behalf Of their minor child, J.S., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: June 20, 2025 |

*Andrew D. Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.*

*Madylan L. Yarc, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]**

On March 6, 2024, Suriya Sortheppharak and Jade Casteneda filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that their minor child, J.S., suffered an encephalopathic event and associated seizure disorder due to receipt of a Measles-Mumps-Rubella vaccine on August 19, 2023. Petition (ECF No. 1) at 1, 7.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Counsel who initiated the matter substituted out of it in January of this year. *See* Consented Motion to Substitute Attorney of Record, dated Jan. 9, 2025 (ECF No. 23). Petitioner has now filed a motion for interim attorney's fees and costs for the associated work of this attorney, requesting an award of $23,970.89 (representing $22,749.50 in fees plus $1,221.39 in costs). Application for Attorneys' Fees and Costs, filed Jan. 4, 2025 (ECF No. 22) ("Mot."). The Motion also represents that Petitioner has to date incurred no personal out-of-pocket expenses. *Id.* at 13.

Respondent reacted to the motion on January 13, 2025, deferring to my discretion whether the statutory requirements for an award of attorneys' fees and costs are met in this case, as well as the amount to be awarded. Respondent's Response to Petitioner's Application for Attorney's Interim Fees and Costs, dated Jan. 13, 2025 (ECF No. 25) ("Resp.") at 2, 4.

I have reviewed the billing records submitted with Petitioner's requests and find a minor reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

### I. Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs incurred to that point in time, but prior to the case's full resolution, may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). But because no entitlement determination has been (usually) made at the time an interim award is sought, the party requesting such an award must meet the reasonable basis standard applicable to literally "unsuccessful" cases. *Avera*, 515 F.3d at 1352.

While there is no presumption of entitlement to interim fees and costs awards (rendered in advance of a case's final determination), special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Id.* at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if

the amount of fees requested exceeds $30,000.00; 2) where expert costs are requested, if the aggregate amount is more than $15,000.00; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). In addition, the withdrawal or substitution of counsel is often deemed reasonable grounds in and of itself for an interim award (except where the special master has foundational concerns about the claim's reasonable basis).

For fee requests generally, counsel must submit contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." *Id.* Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

I find an interim award is appropriate in this case—almost wholly in light of counsel's withdrawal. But I also deem the case not to have identifiable reasonable basis issues at this point in the proceedings, and Respondent has not argued to the contrary.

**II. Calculation of Fees and Costs**

   **A. Hourly Rates**

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting

3

the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | **2023** | **2024** | **2025** |
|---|---|---|---|
| **Andrew Downing (Attorney)** | $445 | $485 | $485 |
| **Ann Allison (Attorney)** | $415 | $435 | n/a |
| **Danielle Avery (Paralegal)** | $155 | $175 | $175 |
| **Alex Malvick (Paralegal)** | $155 | $175 | $175 |
| **Samantha Perez (Paralegal)** | n/a | $175 | $175 |

Mot. at 11–13; Ex. A (ECF No. 22-1) to Mot. at 1–12.

Mr. Downing and Ms. Allison practice in Phoenix, Arizona—a jurisdiction that has been deemed "in forum," and thus entitling them to commensurate rates established in *McCulloch*. *See Rich v. Sec'y of Health & Hum. Servs.*, No. 12-742V, 2017 WL 1435879 (Fed. Cl. Spec. Mstr. Mar. 28, 2017). The hourly rates requested for the attorneys and their associated paralegals for time billed in 2023 and 2024 are reasonable and consistent with our prior determinations and will therefore be adopted herein. *Cracraft v. Sec'y of Health & Hum. Servs.*, No. 20-0562V, 2024 WL 2992939 (Fed. Cl. Spec. Mstr. May 9,

4

2024). Similarly, the requested rates for 2025 are reasonable, as they align with the 2025 Office of Special Masters' fee schedule.[3]

### B. Paralegal Tasks Billed at Attorney's Rate

I will award all time billed to the matter as referenced in the pending motion, with one exception. After reviewing the billing records submitted with Petitioner's request, I find that a few of the tasks performed by attorneys in this matter are more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Although these billing entries reflect reasonable work on this matter, that work must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees to be awarded by $832.00.**[5]

### C. Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault*, 52 Fed. Cl. at 670; *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670 at *16. When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1221.39 in outstanding costs, including medical record retrieval costs, mailing costs, and filing fees. ECF No. 22-1 at 12–13. Petitioner has provided

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, (2025), https://www.uscfc.uscourts.gov/sites/cfc/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202025.pdf.

[4] Entries considered paralegal in nature include drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statements of completion, notice of intent, cover sheet, joint notices not to seek review, filing medical records, drafting subpoenas for records, and following up on production of records from providers. See billing entries dated: 05/31/2024; 06/04/2024; 11/07/2024. ECF No. 22-1 at 9–11.

[5] This amount consists of paralegal tasks billed by attorney Allison in 2024: ($435 - $175 = $260 x 3.2 hrs. = $832). ECF No. 22-1 at 9–11.

5

supporting documentation for all claimed costs. *See id.* Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $23,138.39 (representing $21,917.00 in fees plus $1,221.39 in costs) to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.